UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JHOANA JUCA, individually and as parent and natural guardian of K.A.,

                Plaintiff,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendants.

24-CV-7154 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

    On November 4, 2024, Plaintiff Jhoana Juca filed a motion for a preliminary injunction in this action. ECF No. 9. Plaintiff seeks a declaration that Student K.A.'s pendency placement under 20 U.S.C. § 1415(j) of the Individuals with Disabilities Education Act ("IDEA") during the pendency of all administrative and judicial proceedings regarding K.A.'s Due Process Complaints for the 2024–2025 school year is at iBRAIN. ECF No. 10 at 9. Plaintiff also seeks the inclusion of K.A.'s related services, including transportation and nursing, among the pendency placement, with direct funding tuition to iBRAIN. *Id.* at 9–11. The next day, Independent Hearing Officer ("IHO") Virginia Tillyard ruled that K.A. was entitled to pendency in the form of tuition and related services at iBRAIN, individual nursing services, and special transportation services. ECF No. 16-1 at 31.

    Plaintiff's reply brief for their motion for preliminary injunction was due December 2, 2024. ECF No. 19. Plaintiff has not filed a reply. However, on December 3, 2024, Plaintiff filed an amended complaint reiterating the request for a preliminary injunction, specifically seeking injunctive and declaratory relief regarding K.A.'s pendency placement, as well an order from the

Court requiring Defendant the Department of Education ("DOE") to issue pendency funding. ECF No. 21 at 16; *id.* ¶¶ 115–16.

Plaintiff's motion for a preliminary injunction declaring K.A.'s pendency is DENIED as moot. *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur."); *see also Grullon v. Banks*, No. 23-CV-5797 (JGLC), 2023 WL 6929542, at *3–4 (S.D.N.Y. Oct. 19, 2023) (finding that students' request for a determination regarding pendency at iBRAIN is mooted by confirmation from DOE that iBRAIN is their placement).

Plaintiff's demand for an injunction ordering Defendants to fund K.A.'s pendency is likewise DENIED. Only a month has passed since IHO Tillyard issued the placement decision, and Plaintiff is not entitled to immediate payment. *See Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023) (noting that the "DOE receives thousands of [requests for pendency] under the IDEA at the start of each school year . . . [a]ny agency will need some amount of time to process" those requests). "[The] IDEA . . . does not create an entitlement to immediate payment or reimbursement." *Id.* Though parents may be able to obtain relief for immediate payment if they "establish that a delay or failure to pay has jeopardized their child's educational placement," *id.*, Plaintiff's bare allegation that failure to provide immediate funding will cause K.A. to lose her placement does not suffice to make this showing. *See* ECF No. 21 ¶ 115; *see also Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024) (requiring a movant to make a "strong showing" of irreparable harm when seeking a preliminary junction mandating that the non-movant take some action). For these same reasons, Plaintiff fails to make the requisite showing of irreparable harm to proceed under the traditional preliminary

injunction framework. *See id.* Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

The Court also DENIES Defendants' motion to partially dismiss Plaintiff's Complaint as moot. In addition to opposing Plaintiff's motion for a preliminary injunction, Defendants moved to dismiss certain claims. *See* ECF No. 15. In response to this motion, Plaintiff amended the Complaint. Pursuant to the Court's Order at ECF No. 19, Defendants will file their response to this pleading, including any renewed motion to dismiss, by **December 23, 2024**. The Clerk of Court is directed to terminate ECF No. 14.

Dated: December 12, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3