UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JHOANA JUCA, as Parent and Natural Guardian of K.A., and JHOANA JUCA, Individually,

                            Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                            Defendants.

24-CV-7154 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Jhoana Juca, individually and on behalf of her daughter K.A., brings this action under the Individuals with Disabilities Act ("IDEA") against David C. Banks and the New York City Department of Education (collectively, "DOE"). Plaintiff seeks an order declaring that K.A.'s pendency placement is the institution iBRAIN, with nursing and transportation services. Defendants move to dismiss and to deny Plaintiff's complaint and requests for injunctive relief. For the reasons stated herein, Defendants' motion is GRANTED. However, Plaintiff is granted leave to amend.

## BACKGROUND

      Unless otherwise stated, the following facts are drawn from the First Amended Complaint and its incorporated documents, and presumed to be true. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

I.    **Factual Background**

K.A. is a student that suffers from a brain-related disability. ECF No. 21 (the "First Amended Complaint" or "FAC") ¶ 7. Beginning in 2023, Plaintiff filed three administrative complaints against the DOE, one for each school year, alleging that DOE did not provide K.A. with a "free and appropriate public education" ("FAPE") as required by the IDEA. *Id.* ¶ 36. These complaints are: Case No. 247652 for K.A.'s 2022 to 2023 school year (the "2022–2023 Case"), Case No. 251071 for K.A.'s 2023–2024 school year (the "2023–2024 Case"), and Case No. 277107 for K.A.'s 2024–2025 school year (the "2024–2025 Case"). *Id.* ¶¶ 36, 52, 77.

A.  **The 2022–2023 Case**

Plaintiff filed her first complaint against DOE on April 20, 2023. FAC ¶ 36. After hearings and review, the Impartial Hearing Officer ("IHO") determined in March 2024 that 1) DOE failed to provide K.A. a FAPE from April 17, 2023, through June 23, 2023; 2) iBRAIN was an appropriate unilateral placement for K.A., including K.A.'s need for nursing and transportation services; 3) however, equitable considerations did not weigh in favor of Plaintiff's request for direct funding for iBRAIN tuition, nursing, and transportation services. *Id.* ¶ 42.

Plaintiff appealed the IHO decision to the Office of State Review ("OSR"), contending that the IHO erred in finding equitable considerations did not weigh in favor of granting Plaintiff's request for tuition and nursing and transportation services. *Id.* ¶¶ 43–45. On July 1, 2024, the State Review Officer ("SRO") issued SRO Decision No. 24-187 (the "July 2024 SRO Decision"), which found that for the period of April 17, 2023, through June 23, 2023, Plaintiff is entitled to tuition costs at iBRAIN, as well as payment for nursing and transportation services. *Id.* ¶ 47. The July 2024 SRO Decision is the final administrative decision on the 2022–2023 Case. FAC ¶ 48.

B. **The 2023–2024 Case**

On July 5, 2023—one year prior to the July 2024 SRO Decision—Plaintiff filed a complaint for the 2023–2024 school year, seeking funding for K.A.'s placement at iBRAIN, including unilaterally obtained nursing and transportation services. *Id.* ¶ 54. That same month, the IHO issued a pendency order regarding Plaintiff's 2022–2023 and 2023–2024 complaints, finding that iBRAIN was K.A's appropriate pendency placement, that DOE would provide appropriate accommodations for transportation, but that DOE was not required to provide nursing services (the "July 2023 IHO Order"). *Id.* ¶ 60.

DOE paid K.A.'s tuition costs for the 2023–2024 school year. *Id.* ¶ 61. Plaintiff unilaterally sought private transportation services costing $111,180.00 and nursing services costing $265,960.00, neither of which the DOE has reimbursed. *Id.* ¶¶ 62–66.

On July 15, 2024, the IHO determined that DOE had provided K.A. with a FAPE for the 2023–2024 school year and denied Plaintiff's request for reimbursement of transportation and nursing services. *Id.* ¶ 68. Plaintiff appealed this decision. *Id.* ¶ 69. On September 20, 2024, the SRO remanded the matter back to the IHO to determine whether the services that were unilaterally obtained were appropriate for K.A., and whether equitable considerations warranted reimbursement. ECF No. 11-1 ("September 2024 SRO Remand") at 11. On February 7, 2025, the IHO denied Plaintiff's request for reimbursement for the 2023–2024 school year. ECF No. 29-2 ("February 2025 IHO Decision") at 13. Plaintiff does not make any representations about whether she intends to appeal.

C. **The 2024–2025 Case**

On July 2, 2024, Plaintiff filed a complaint regarding the 2024–2025 school year, seeking funding for K.A.'s placement at iBRAIN and transportation and nursing services. *Id.* ¶ 78. On

3

November 5, 2024, the IHO issued a findings of fact and decision regarding the 2024–2025 case and a pendency order. *Id.* ¶ 84; ECF No. 16-1 ("November 2024 IHO Decision").

First, the IHO found that DOE did not provide K.A. a FAPE for the 2024–2025 school year, but that Plaintiff's unilateral placement of K.A. at iBRAIN was not appropriate either, and that equities weighed against reimbursing Plaintiff's costs which are in excess of $750,000. November 2024 IHO Decision at 2, 28. The IHO reasoned that the denial was in part because Plaintiff "failed to co-operate with the DOE regarding [K.A.'s] medical and transportation forms, which materially obstructed the . . . ability to develop an appropriate IEP for the Year at Issue." *Id.* at 28.

Second, the IHO found that the July 2024 SRO Decision serves as the basis for K.A.'s current pendency placement. *Id.* at 29. However, the IHO found that the DOE's offer to provide transportation accommodations was valid to implement the July 2024 SRO Decision, and that funding for private transportation services was not required. *Id.*

Plaintiff represents that she intends to appeal the November 2024 IHO decision. FAC ¶¶ 91, 93.

## II.  Procedural History

On September 20, 2024, one and a half months before the November 2024 IHO Decision, Plaintiff filed the present action before this Court. ECF No. 1. Among other items, Plaintiff sought a declaration that K.A.'s pendency placement for 2024–2025 is at iBRAIN with nursing and transportation services, and an injunction ordering Defendants to fund K.A.'s pendency placement for 2024–2025 year. *Id.* at 18. After the November 2024 IHO Decision, the Court denied Plaintiff's request for a pendency declaration as moot and denied Plaintiff's request for an injunction ordering Defendants to fund K.A.'s pendency placement for 2024–2025, noting that

4

only one month had passed since the IHO Decision and that Plaintiff is not entitled to immediate payment. *See* ECF No. 22.

On December 3, 2024, Plaintiff filed the First Amended Complaint, seeking enforcement of the July 2024 SRO Decision under the IDEA's pendency provision or 28 U.S.C. § 1983. FAC ¶¶ 1, 99–121. Specifically, Plaintiff requests (FAC at 16–17):

(1) A preliminary injunction or other order finding that the July 2024 SRO Decision is the basis of K.A.'s pendency relative to the 2024–2025 Case;

(2) An order declaring that K.A.'s pendency placement is at iBRAIN and that K.A. is entitled to unilaterally obtained nursing and transportation services;

(3) An order that DOE fund the pendency placement at iBRAIN with transportation and nursing services for the 2024–2025 year;

(4) An order that DOE reimburse the transportation and nursing expenses for the 2023–2024 year; and

(5) an award of attorney's fees and costs.

On December 12, 2024, Defendants refiled their partial motion to dismiss in light of the amended complaint. ECF No. 24 ("Mot."). Defendants contend that Plaintiff's requests must be denied for failure to exhaust administrative remedies, or else as mooted by the 2024 SRO Remand and the November 2024 IHO Decision. Plaintiff opposes. ECF No. 28 ("Opp.").

5

**DISCUSSION**

This case presents issues regarding administrative exhaustion and the IDEA's stay-put provision.[1] The Court first reviews the relevant law, then examines whether Plaintiff has stated a sufficient claim to invoke an exhaustion exception of the stay-put provision.

**I.    Plaintiff Must Exhaust Administrative Remedies, Unless Plaintiff Alleges a Violation of the Stay-Put Provision**

The IDEA generally requires plaintiffs to exhaust all available administrative remedies before filing a suit in federal court. *See* 20 U.S.C. § 1415(i)(2)(A). Unless an exception applies, exhaustion is a "jurisdictional prerequisite" and the failure to exhaust "deprives a court of subject matter jurisdiction." *Ventura de Paulino v. New York City Dep't of Educ.,* 959 F.3d 519, 530 (2d Cir. 2020) (internal citations omitted). Thus, before reaching the merits of an IDEA claim, a court must consider any arguments that plaintiffs have failed to exhaust administrative remedies. *See id.*

One exception to the IDEA's exhaustion requirement is found in the IDEA's stay-put provision, as codified in Section 1415(j). *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002); *see* 20 U.S.C. § 1415(j). The stay-put provision exists to protect "a student's right to a stable learning environment during what may be a lengthy administrative and judicial review." *Id.* "If the child is ejected from his or her current educational placement while the administrative process sorts out where the proper interim placement should be, then the deprivation [of that right] is complete." *Id.* For that reason, the Second Circuit has found that the

---

[1] Although disputed in Defendants' initial motion, both parties appear to agree there is no issue regarding municipal liability. *See* Opp. at 24–25. Plaintiff instead argues that 28 U.S.C. § 1983 is a separate ground to hear their pendency claims. However, Section 1983 claims only bypass the IDEA's exhaustion requirement if these claims seek a form of relief the IDEA does not provide. *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 148 (2023). Plaintiff is not seeking relief that the IDEA cannot provide.

"administrative process is 'inadequate' to remedy violations of [the stay-put provision] because, given the time-sensitive nature of the IDEA's stay-put provision, 'an immediate appeal is necessary to give realistic protection the claimed right.'" *Id.* (quoting *Miss America Org. v. Mattel, Inc.*, 945 F.2d 536, 545 (2d Cir.1991)). Where a complaint alleges a violation of the stay-put provision, the plaintiff need not exhaust administrative remedies. *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020).

Accordingly, the Court must resolve the exhaustion issue by examining whether Plaintiff has alleged a violation of the stay-put provision. To make this determination, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim is sufficiently stated only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## II.     Plaintiff Has Not Alleged a Violation of the Stay-Put Provision that Invokes the Exhaustion Exception

The stay-put provision states in relevant part that "during the pendency of any [administrative and judicial] proceedings conducted pursuant to this section, unless the [school district] . . . and the parents otherwise agree, the child shall remain in the then-current

7

educational placement of the child . . . ." 20 U.S.C. § 1415(j). This provision "requires a school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014). However, "the pendency provision does not guarantee a disabled child the right to remain in the exact same school with the exact same service providers while his administrative and judicial proceedings are pending. Instead, it guarantees only the same general level and type of services that the disabled child was receiving." *Id.*

To determine whether there has been a violation of the stay-put provision, a court must first identify the child's "then-current educational placement." "The term 'then-current educational placement' in the stay-put provision typically refers to the child's last agreed-upon educational program before the parent requested a due process hearing to challenge the child's IEP." *Ventura de Paulino*, 959 F.3d at 532. "The placement can also be changed if an impartial hearing officer or state review officer finds the parents' new placement to be appropriate by adjudicating the IEP dispute in the parents' favor, and the school district chooses not to appeal the decision." *Id.*

Here, Plaintiff essentially argues that the final July 2024 SRO Decision sets K.A.'s then-current educational placement, and all deviations from it are violations of the stay-put provision. Plaintiff seeks remedies for violations during the 2023–2024 year and during the 2024–2025 year, which must be addressed separately.

### A. Placement During the 2023–2024 School Year

The July 2024 SRO Decision determined that K.A.'s proper placement is iBRAIN, with nursing and transportation services. During the 2023–2024 school year, DOE funded K.A.'s

8

tuition at iBRAIN, but did not pay for private nursing and transportation services which totaled around $380,000. But this deviation does not state a claim for a violation of the stay-put provision for two reasons.

First, the July 2024 SRO Decision declaring K.A.'s appropriate placement to be iBRAIN with funding for nursing and transportation services had not been issued when the 2023–2024 school year began. The "last agreed-upon educational program" in effect for most of the 2023–2024 school year was the program that K.A. was approved for prior to the filing of the due process complaint, which does not appear to have been iBRAIN or to have included transportation or nursing services. *See* ECF No. 1-4 at 4. This did not change until March 2024, when the IHO found that K.A.'s proper placement was at iBRAIN and she was entitled to nursing and transportation services. *See* ECF No. 1-4 at 11. In other words, the Complaint suggests no pendency placement violation until, at the earliest, March 2024.

Second, the stay-put provision "does not guarantee a [disabled child] the right to remain in the exact same school with the exact same service providers while his administrative and judicial proceedings are pending. Instead, it guarantees only the same general level and type of services that the disabled child was receiving." *T.M.*, 752 F.3d at 171 (cleaned up and internal citation omitted). The Complaint alleges the former—that DOE failed to fund exactly the same services that K.A. had under the July 2024 SRO Decision—but does not state any facts to show that DOE's offered alternatives failed to meet the guarantee of "same general level and type of services" that K.A. was receiving. The Complaint simply does not plead "factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

9

In summary, it appears that the "last agreed-upon educational program" in effect for most of the 2023–2024 school year was not iBRAIN with transportation or nursing services. For most of the 2023–2024 school year, there was no stay-put violation. It is possible that DOE violated the stay-put provision from March 2024 to the end of the 2023–2024 school year, but Plaintiff has failed to allege how DOE's offered alternatives arose to such a violation.

B.  **Placement During the 2024–2025 School Year**

The November 2024 IHO Decision confirmed that the July 2024 SRO Decision served as the basis for K.A.'s pendency placement. November 2024 IHO Decision at 29. However, the IHO found that the DOE's offer to provide transportation accommodations was valid to implement the July 2024 SRO Decision, and that funding for private transportation services was not required. *Id*.

Plaintiff contends that the November 2024 IHO Decision on pendency violates the stay-put provision because it is inconsistent with the July 2024 SRO Decision, which did allow reimbursement and funding for transportation services. If adequately stated, the November 2024 IHO Decision deprives K.A. of funding for her current placement which might put her current placement in jeopardy. If adequately stated, this allegation is precisely what triggers the exhaustion exception of the stay-put provision. *See Murphy*, 297 F.3d at 199–200.

But Plaintiff has not stated a violation of the stay-put provision with these facts. As explained in the preceding subsection, the stay-put provision "does not guarantee a disabled child the right to remain in the exact same school with the exact same service providers while his administrative and judicial proceedings are pending. Instead, it guarantees only the same general level and type of services that the disabled child was receiving." *T.M.*, 752 F.3d at 171. The Complaint does not allege how DOE's offered alternatives failed to meet the guarantee of "same

10

general level and type of services" that K.A. was receiving. To the contrary, the November 2024 IHO Decision emphasized Plaintiff's failure "to cooperate with the DOE regarding [K.A.'s] medical and transportation forms" as a factor in obstructing DOE's ability to provide reasonable pendency placement services. ECF No. 16-1 at 28. Because Plaintiff has failed to state a claim for a violation of the stay-put provision, the Court has no grounds to consider her requests.

However, to ensure that Plaintiff has a full and fair opportunity to be heard, Plaintiff is granted limited leave to amend the complaint, specifically to allege why DOE's offered alternatives failed to meet the guarantee of "same general level and type of services" that K.A. was receiving.

## CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to amend.

Plaintiff's request for a preliminary injunction or other order finding that the 2024 SRO Decision is the basis of K.A.'s pendency relative to the 2024–2025 Case is DENIED as moot. Plaintiff's claims for reimbursement for the 2023–2024 school year are DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff's claims for violation of the stay-put provision and violation of Section 1983 for the 2024–2025 school year are DISMISSED for failure to state a claim.

Plaintiff is GRANTED leave to amend the Complaint solely with respect to whether DOE has violated the stay-put provision for the 2024–2025 school year and for post-March 2024 of the 2023–2024 school year through the failure to offer the "same general level and type of services" that K.A.'s pendency placement required.

The Clerk of Court is directed to terminate ECF No. 23.

Dated: August 26, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge